■ ROBERT BUCHANAN, Respondent, v. COLMAN J. SMITH, Appellant.— Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: We conclude that the verdict of the jury was against the weight of the evidence as to the negligence of the defendant. We further conclude that in view of the evidence it was error for the trial court to refuse defendant's request to charge that "if they find that this accident was unavoidable due to conditions pertaining at the time, that they must bring in a verdict in favor of the defendant of no cause of action." All concur. (Appeal from a judgment of Chautauqua Trial Term, for plaintiff in an automobile negligence action.) Present — McCurn, P. J., Kimball, Williams, Goldman and Halpern, JJ.

■ BEATRICE BUCHANAN, Respondent, v. COLMAN J. SMITH, Appellant.— Same decision and like cause of action as in companion case of *Robert Buchanan v. Smith (supra)*. (Appeal from a judgment of Chautauqua Trial Term, for plaintiff in an automobile negligence action.) Present — McCurn, P. J., Kimball, Williams, Goldman and Halpern, JJ.

■ HELEN L. HARRINGTON, as Administratrix of the Estate of THOMAS G. HARRINGTON, Deceased, Appellant, v. OLD ELM STOCK FARMS, INC., et al., Respondents.— Judgments affirmed, without costs of this appeal to any party. All concur. (Appeals from two judgments of Monroe Trial Term, for no cause of action as to both defendants on plaintiff's cause of action on negligence, in an action for damages for the wrongful death of plaintiff's intestate alleged to have resulted from negligent maintenance of an uncovered pit on a farm.) Present — McCurn, P. J., Kimball, Williams, Bastow and Halpern, JJ.

■ LUCAS HENRY et al., Respondents, v. PETER PASQUA, Appellant.— Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: Plaintiff, without sufficient foundation or proper justification, was permitted to interrupt the orderly process of the trial, place defendant's trial counsel on the stand during the course of defendant's case and introduce a letter written by the witness which created the inference that defendant had made a statement to the plaintiff inconsistent with the former's testimony. The atmosphere thus created, and the resulting confusion, was not effectively dissipated in the manner of the submission of the issues to the jury. In our view defendant was thereby denied a fair trial and in the interests of justice a new trial should be granted. (*Rudnick* v. *Tuckman*, 1 A D 2d 269, 272; *Pioneer Credit Corp.* v. *San Miguel*, 274 App. Div. 184, 191.) All concur. (Appeal from a judgment of Onondaga Trial Term, for plaintiffs in an action for breach of contract.) Present — McCurn, P. J., Kimball, Williams, Bastow and Goldman, JJ.